# H. W. WHITE INVESTMENT COMPANY v. E. H. CONARY.[1]

June 20, 1924.

No. 24,017.

**Broker entitled to commission for getting tenant.**
1. The evidence sustains the verdict that plaintiff, a real estate broker, had procured a lessee ready and able to enter into and perform the conditions of a 50-year lease upon the terms proposed by defendant when he employed plaintiff.

**Rulings correct.**
2. No error was made in the rulings at the trial.

Action in the municipal court of Minneapolis to recover $425 for services in finding a lessee and negotiating a lease for plaintiff. The case was tried before Montgomery, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*G. A. Will,* for appellant.
*Herbert T. Park,* for respondent.

HOLT, J.
Defendant appeals from a judgment awarding plaintiff a broker's commission.

It is conceded that defendant authorized plaintiff to secure a lessee, on or before July 10, 1915, for the east 96½ feet of lot 1, block 15, Calhoun Park Addition to Minneapolis, for a fifty-year term, at a yearly rental of $1,000 for the first 10 years and $1,200 per year thereafter, with an option to purchase the property for $14,000 during the first 5 years of the lease. The lessee was to furnish a bond in the sum of $2,000 "to guarantee fulfilment of conditions of

[1]Reported in 199 N. W. 225.

lease," and to carry fire insurance of at least $2,500 to protect the interests of the lessor.   In the first part of July, 1915, plaintiff notified defendant in writing that a lessee had been procured. Thereafter negotiations in respect to the form of the lease continued until about the fifteenth of September.   Defendant made no claim at the trial that the authority had expired, but rested his defense on the proposition that the lessee tendered was not able and ready to enter the lease called for, and did not offer himself as lessee in good faith.   This included the contentions that the bond he procured was not one for the full term, but one renewable each year by the payment of an annual premium, and that no rent was tendered.   The case was submitted to the jury in a charge to which no exception is taken, and the principal question raised by the appeal is whether the verdict for plaintiff has sufficient support in the record.

Plaintiff's testimony was that such changes in the proposed written lease were made by defendant's attorney that about September 15, 1915, defendant declared himself satisfied therewith and ready to sign the same; that he asked plaintiff to first present it to his wife and get her signature, but she did not sign then, and so an appointment was made for the succeeding day when both were to meet plaintiff and execute the lease; that they failed to meet at the time and place appointed; that at no time was there any objection made to the bond tendered; and that the lessee, H. E. Cribby, had signed the lease approved by defendant and was able and ready to carry out its terms.   On cross-examination it appeared that Cribby was a clerk in the insurance department of plaintiff, drawing a salary of $300 a year and commissions; that he owned no real property and a very limited amount of other assets or credits. Defendant's testimony was that neither the lease, nor the bond, nor the lessee was satisfactory; that no rent was ever tendered; and that he never agreed to sign the lease that had been prepared.

In the trial the suggestion was made, and no doubt pressed before the jury, that Mr. Cribby was not a good faith lessee, but a mere dummy for plaintiff, for that proposition was submitted to the jury with instruction that, if such was found to be the fact, there could

be no recovery. From the above resume it seems to us the jury had sufficient basis for the verdict, if plaintiff's testimony was accepted as the truth. Therefore, we cannot hold that defendant was entitled either to a dismissal or judgment notwithstanding.

On the admission of evidence there are four errors assigned, but not argued. We think none of them meritorious. The letter which Mr. White testified he personally handed defendant, wherein Mr. Cribby accepted the proposition to become a lessee was certainly properly received. The insurance policy tendered was returned to the insurer for cancelation when defendant refused to execute the lease. There could be no reversible error in permitting the agent who wrote the policy to state the amount thereof and who the insurer was. It is clear that the files in the action brought by Cribby for specific performance were not admissible in this case. Plaintiff here could not be in any manner concluded by what was adjudicated therein, not being a party thereto. What property Cribby owned, whether real or personal, was a pertinent inquiry upon the issue whether he was able and ready to execute the lease and perform its conditions. In the argument and brief much is made of the failure to tender the first year's rent. But the refusal to execute the lease was not put upon such ground, nor, according to plaintiff's testimony, upon any claim that the lessee was not ready to pay the rent upon the delivery of the lease. The bond tendered certainly guaranteed the payment of the first year's rent. The answer did not allege the nontender of rent as a defense, and neither the motion to dismiss nor the one for judgment assigned as a ground the failure to tender the rent.

The judgment is affirmed.